

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Burl Brittain
County Auditor
San Patricio County
Sinton, Texas

Dear Sir;

Opinion No. O-1810
Re: May money from the perman-
ent improvement fund be used
to purchase road machinery?

Your request for an opinion on the above stated question has been received by this Department.

We quote from your letter as follows:

"The question has come up in the Commissioners' Court regarding the purchase of road machinery with the moneys in the Permanent Improvement Fund. It is my opinion that the Permanent Improvement Funds can not be expended for the purchase of road machinery, and I would appreciate your giving me your opinion on this."

Section 9 of Article 8 of the Texas Constitution, reads as follows:

"The State tax on property, exclusive of the tax necessary to pay the public debt, and of the taxes provided for the benefit of the public free schools, shall never exceed thirty-five cents on the one hundred dollars valuation, and no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, and not exceeding fifteen cents to pay jurors, on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment September 25th, 1883; and for the erection of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

public buildings, streets, sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollar valuation, in any one year, and except as is in this Constitution otherwise provided; and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the futher maintenance of the public roads; provided, that a majority of the qualified property tax-paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen cents on the one hundred dollars valuation of the property subject to taxation in such county. And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws."

Article 2351, Vernon's Civil Statutes, setting forth the powers and duties of the Commissioners' Court, reads in part as follows:

". . .

"3. Lay out and establish, change and discontinue public roads and highways.

"4. Build bridges and keep them in repair.

"5. Appoint road overseers and apportion hands.

"6. Exercise general control over all roads, highways, ferries and bridges in their counties.

". . ."

Article 2352, Vernon's Civil Statutes, referring to the Commissioners' Court, reads as follows:

"Said court shall have the power to levy and collect a tax for county purposes, not to exceed twenty-five cents on the one hundred dollars valuation, and a tax not to exceed fifteen cents on the one hundred dollars valuation to supplement the jury fund of the county, and

Honorable Burl Brittain, Page 3

not to exceed fifteen cents for roads and
bridges on the one hundred dollars valuation,
except for the payment of debts incurred prior
to the adoption of the amendment of the Consti-
tution, September 25, A. D. 1883, and for the
erection of public buildings, streets, sewers,
water works and other permanent improvements,
not to exceed twenty-five cents on the one hun-
dred dollars valuation in any one year, and ex-
cept as in the Constitution otherwise provided.
They may levy an additional tax for road pur-
poses not to exceed fifteen cents on the one
hundred dollar valuation of the property sub-
ject to taxation, under the limitations and in
the manner provided for in Article 8, Sec. 9,
of the Constitution and in pursuance of the
laws relating thereto."

The above quoted provision of the Constitution
prescribes the maximum rate of taxes for general purposes,
for roads and bridges, for juries, and for permanent im-
provements, respectively. The monies accruing from taxes
levied and collected for each of the enumerated purposes
are constitutional funds; and the Commissioners' Court
has no power or authority to transfer money from one fund
to another, or to expend, for one purpose, tax money raised
ostensibly for another purpose.

The immediate purpose of the above mentioned pro-
vision of the Constitution is to limit the amount of taxes
that might be raised for these several purposes, respect-
fully; but it is also designated to inhibit excessive ex-
penditures for any such purpose, and to require that any
and all moneys raised for taxation for any purpose shall
be applied to that particular purpose and to no other. See
the case of Ault v. Hale County, 116 S. W. 359.

The case of Henderson County v. Burke, 262 S. W.
94, holds, among other things, that the statute requires that
any and all money raised by taxation for any such purpose
shall be applied, faithfully to that particular purpose, as
needed therefor, and not to any other purpose or use whatso-
ever.

The case of Carroll v. Williams, 202 S. W. 504,
holds among other things that the Constitution contemplates
that, as a matter of common honesty and fair dealings, tax
money taken from the people ostensibly for one purpose shall

Honorable Burl Brittain, Page 4

be expended for that purpose alone, as well as the tax rate, for that particular class shall not exceed the prescribed maximum.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this Department that money from the permanent improvement fund cannot be used to purchase road machinery.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED JAN 11, 1940

AW:LM

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE